United States District Court
Southern District of Texas
**ENTERED**
June 03, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Maria Elena Diaz,  *Plaintiff,*  v.  Lowe's Home Centers, LLC,  *Defendant.* | § § § § § § § § § § § § § § Case No. 4:20-cv-02454 |

## MEMORANDUM AND RECOMMENDATION

This is a premises liability suit. Plaintiff Maria Diaz tripped and fell over a flatbed cart at a Houston-area store of Defendant Lowe's Home Centers, LLC. *See* Dkt. 1-3 at 6-8. In its pending motion for summary judgment, Defendant contends that the cart was an open and obvious obstruction, which obviates its duty of care. Dkt. 24. Plaintiff responds that genuine disputes of material fact preclude that conclusion. Dkt. 26.

Because the cart's color was distinct from its surroundings, Plaintiff's view of the cart was unobstructed, and the cart was parked in the same place throughout Plaintiff's visit to the store, Plaintiff cannot show that Defendant owed a duty of care. It is therefore recommended that the Court grant Defendant's motion for summary judgment.

1

## Background and Procedural History

Around June 16, 2018[1], employees of a Houston-area Lowe's Home Center placed a flatbed cart near the front desk service counter. Dkt. 26-2 at 1. The bed of the cart measured five to six feet long and stood about six to twelve inches off the ground.[2] *See id.*



---

[1] The record reflects some inconsistencies about the date of the incident. *See, e.g.*, Dkt. 24 at 2 (June 16); Dkt. 24-1 at 23 (June 19). Neither party explains this discrepancy, nor does either party argue that it is material.

[2] Defendant's motion cites video footage of the entire incident. Dkt. 24 at 2 (citing video). Despite the Court's numerous requests, however, Defendant failed to submit a copy of the video recording for consideration. The following screenshots were provided by Plaintiff in her response brief. Dkt. 26 at 7-9.

Later, Plaintiff and her son entered the store. *See* Dkt. 24-1 at 23. Plaintiff came through the front door and walked to the customer service counter. *See* Dkt. 26-2 at 2. From that entrance, the cart sat in plain view, within Plaintiff's line of sight. *See* Dkt. 26-1 at 24. While standing at the counter and talking to an employee, Plaintiff's body was turned with her back toward the bed of the cart. *See* Dkt. 26-2 at 2.



The employee directed Plaintiff to an area behind her. *See* Dkt. 26-1 at 24. Plaintiff then turned, attempted to walk forward, tripped over the flatbed cart, and allegedly injured herself. *See* Dkt. 26-1 at 27-28. Plaintiff called an ambulance, which took her to the hospital. *See id.* at 28.



Plaintiff filed suit in Texas state court, alleging a premises liability theory of negligence. *See* Dkt. 1-3 at 5, 7. Defendant removed the case to this Court. *See* Dkt. 1. Defendant later filed a motion for summary judgment, to which Plaintiff responded. Dkt. 24, 26.[3]

---

[3] Both of these filings are late. Defendant's motion exceeded the March 1, 2022 deadline for dispositive motions by one day, and Plaintiff's response exceeded the 21-day response requirement by over a month. *See* Dkt. 23 at 1 (latest docket control order); L.R. 7.3, 7.4. And both parties failed to seek leave of court to file their belated submissions, as the rules require. *See* Fed. R. Civ. P. 6(b)(1)(B), 16(b)(4). Because neither side has challenged the tardiness of each other's filings, however, the Court finds that any timeliness objections are waived. But the Court cautions that the parties must observe court-ordered deadlines in the future—or risk having their filings stricken.

4

## Standard of Review

A court must grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material if the issue that it tends to resolve "could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 379-80 (5th Cir. 2020) (citing *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010)). When resolving a motion for summary judgment, the court must view the facts and any reasonable inferences "in the light most favorable to the nonmoving party." *See Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010) (internal quotation marks omitted).

## Analysis

Under Texas law, landowners owe a duty to "make safe or warn against any concealed, unreasonably dangerous condition of which the landowner is, or reasonably should be, aware but the invitee is not." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203-04 (Tex. 2015). An invitee is "one who enters the property of another 'with the owner's knowledge and for the mutual benefit of both.'" *Id.* at 202 (quoting *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex.

5

1996)). The scope of the landowner's duty of care reflects that it "is typically in a better position than the invitee to be aware of hidden hazards on the premises ...." *Id.* at 203. That duty of care differs if the alleged hazard is open and obvious. In that situation, "the landowner is not in a better position to discover it." *Id.* Thus, landowners generally have "no duty to protect or warn an invitee against unreasonable dangers that are open and obvious or otherwise known to the invitee." *Id.* at 207-08.[4]

### I. The flatbed cart was an open and obvious obstruction for which Defendant owed no duty to warn or make safe.

Whether an obstruction is "so open and obvious" that the plaintiff will be charged with constructive knowledge is a legal question analyzed under an objective standard. *See Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021) ("Whether a danger is open and obvious is a question of law determined under an objective test."). Under this standard, a court determines if "a reasonably prudent person would have known [of the obstruction] under similar circumstances." *Id.*

---

[4] There are two exceptions to the no-duty rule for open and obvious obstructions. The first occurs when "it is necessary that the invitee use the dangerous premises and the landowner should have anticipated that the invitee is unable to take measures to avoid the risk." *Austin*, 465 S.W.3d at 208. The second exception involves a landowner's unreasonable failure to protect an invitee from the criminal conduct of a third party under certain circumstances. *See id.* at 206. Neither exception applies here, and Plaintiff does not contend otherwise.

6

The Texas Supreme Court has not delineated specific factors that make a condition "open and obvious." That Court, has, however made clear that the obviousness of an obstruction depends on the totality of the surrounding circumstances. *See id.* at 789. Applying this holistic standard, Texas state and federal courts have regularly concluded that visible, stationary, floor-level obstructions—large and small—are open and obvious as a matter of law. *See Sauls v. 24 Hour Fitness USA, Inc.*, 2022 WL 296051, at *3-4 (N.D. Tex. Feb. 1, 2022) (hot tub); *Ille v. Lowe's Home Centers, LLC*, 2021 WL 6063112 at *9 (N.D. Tex. Dec. 20, 2021) (flatbed cart); *Rincon v. Home Depot U.S.A., Inc.*, 2019 WL 6118406, at *3-4 (N.D. Tex. Nov. 15, 2019) (nylon strap); *Hughes v. Kroger Tex., L.P.*, 2016 WL 3390510, at *3 (N.D. Tex. Mar. 4, 2016) (raised patch of concrete); *Culotta v. DoubleTree Hotels, LLC*, 2019 WL 2588103, at *4 (Tex. App.—Houston [1st Dist.] June 25, 2019, pet. denied) (fountain); *Jordan v. Tex. Child.'s Hosp.*, 2018 WL 4137209, at *4, 6 (Tex. App.—Houston [14th Dist.] Aug. 30, 2018, no pet.) (algae patch on wooden slope).

Defendant relies heavily on *Ille v. Lowe's Home Centers, LLC*, which addressed materially similar facts. There, the court held that a flatbed cart was open and obvious because it was unconcealed, conspicuously colored, and easily distinguishable from its surroundings. *Ille*, 2021 WL 6063112, at *6.

Much like the court in *Ille*, this Court is persuaded that the flatbed cart was an open and obvious obstruction for which Defendant owed no duty to

7

make safe or warn. Three reasons support this conclusion.

First, the cart was easily distinguishable from its surroundings. *See* Dkt. 26-2. Even Plaintiff admitted that the cart did not "blend in with the ground." *See* Dkt. 24-1 at 25-26. And like the court observed in *Ille*, a reasonably prudent person would note the contrasting colors of the dark blue cart and the light gray concrete flooring. *See Ille*, 2021 WL 6063112 at *6-7; *see also Sauls*, 2022 WL 296051, at *3-4 (noting the color difference between a hot tub and the surrounding floor; granting summary judgment).

Second, the flatbed cart was not concealed. Plaintiff admitted that she had an unobstructed view of the cart. Dkt. 24-1 at 24-25. This is factually similar to *Rincon v. Home Depot U.S.A., Inc.*, in which the court found that a thin nylon strap on the ground was open and obvious. 2019 WL 6118406, at *3. The strap was lying where any passer-by could see it, and others had walked past the strap without tripping on it. *Id.*

Here, just like in *Rincon*, Plaintiff had the flatbed cart within her line of sight immediately upon entering the store. *See* Dkt. 26-2 at 1; *Rincon*, 2019 WL 6118406, at *3. Also like *Rincon*, Plaintiff agreed that the cart was clearly visible. Dkt. 24-1 at 25-26; *Rincon*, 2019 WL 6118406, at *3. She "simply was not paying attention" while standing at the service counter. *See Rincon*, 2019 WL 6118406, at *3. The bottom line: A reasonably prudent person would have taken stock of the cart and exercised care to avoid it. *See, e.g., Culotta*, 2019

8

WL 2588103, at *4 (base of fountain was "objectively observable to a reasonable person exercising ordinary care"); *cf. McIntyre v. United Supermarkets, LLC*, 2021 WL 389095, at *6-7 (Tex. App.—Dallas Feb. 4, 2021, pet. filed) (pothole deemed not open and obvious; it was concealed and not observable from plaintiff's point of view).

Finally, the cart remained in exactly in the same place from the moment that Plaintiff entered the store to the time that she tripped over it. This is evident from the photographic evidence submitted in Plaintiff's response brief. *See* Dkt. 26-2 at 1-5. As the court noted in *Hughes v. Kroger Texas, L.P.*, a person exercising reasonable care is likely to identify a stationary object. 2016 WL 3390510, at *3 (finding a raised patch of concrete open and obvious). Although the cart here was not a permanent fixture, it was in a fixed position throughout the relevant timeframe. *See* Dkt. 26-2 at 1-5. That fact underscores why a reasonable person would have noticed and avoided the cart. *See Jordan*, 2018 WL 4137209, at *4, 6 (algae on wooden slope that had not changed condition was an obvious hazard).

Plaintiff's contrary contentions are not persuasive. First, Plaintiff asserts that she was unaware of the hazard posed by the cart and was unfamiliar with the layout of the Lowe's store. *See* Dkt. 26 at 7, 11. According to Plaintiff, those facts make her unlike the plaintiff in *Ille*, who had seen the flatbed cart and had frequented that particular Lowe's over a ten-year period.

9

*See id.* at 10, 12; *Ille*, 2021 WL 6063112, at *8.

This argument does not create a genuine dispute of fact. The decision in *Ille* did not hinge on the plaintiff's familiarity with the store or the fact that she saw the cart before tripping over it. *Ille*, 2021 WL 6063112 at *5-7. To the contrary, Texas law requires the Court to examine the totality of the circumstances surrounding an obstruction. *See Los Compadres*, 622 S.W.3d at 788-89. That is why no single factor was dispositive in *Ille* and likewise is not dispositive here. *See, e.g.*, *Sauls*, 2022 WL 296051, at *3.

The plaintiff's awareness of the flatbed cart in *Ille* also more squarely addressed an *alternative* basis for negating the landowner's duty of care in that case. As one Texas court observed, there are "*two* no-duty circumstances—when a hazard is known to the invitee *and* when a hazard is open and obvious ...." *Culotta*, 2019 WL 2588103, at *3 (emphasis added). The former "focuse[s] on the subjective knowledge of the invitee," whereas the latter examines "what would be reasonably observable to a person exercising ordinary care under an objective standard." *Id.*

At best, Plaintiff's unfamiliarity with the Lowe's store layout and her failure to notice the cart indicate that she lacked subjective knowledge of the hazard. But the issue here concerns the other, objective test for negating a landowner's duty of care. For that test, Plaintiff's subjective unawareness of the hazard does not obviate the conclusion that an objectively reasonable

10

person, exercising due care, would have seen and avoided the cart. *See, e.g.*, *Rincon*, 2019 WL 6118406, at *2 (the objective standard does not focus "on the subjective knowledge of the invitee"); *Hughes*, 2016 WL 3390510, at *2-3 (concrete patch was open and obvious despite plaintiff's failure to notice it).

Second, Plaintiff argues that an objectively reasonable person would not have noticed the flatbed cart because it blended in with its surroundings. *See* Dkt. 26 at 10-11. Plaintiff points out that cart's blue handle is the same color as the customer service desk. *Id.*; *see also* Dkt. 26-2 at 1. But the flatbed portion of the cart over which she tripped contrasts markedly with its surroundings. Whereas the cart's bed is blue, the floor is light gray. *See id.*; *accord Ille*, 2021 WL 6063112, at *1, 6-7. The cart also is not concealed. *See* Dkt. 26-2 at 1; *accord Sauls*, 2022 WL 296051, at *3. Its bed is several inches off the ground. *See* Dkt. 26-2 at 1; *accord Hughes*, 2016 WL 3390510, at *3. Any person entering the store from the same direction as Plaintiff could readily see it. *See* Dkt. 26-2 at 1; *accord Rincon*, 2019 WL 6118406, at *3.

Simply put, the flatbed cart was so open and obvious that, with the exercise of reasonable care, Plaintiff would have identified it as a hazard. Defendant owes no duty to warn about or rectify such an obstruction. Plaintiff's inability to raise a fact issue on the existence of a duty of care negates her sole claim for premises liability, as a matter of law. *See, e.g.*, *Robles v. Ross Stores, Inc.*, 2017 WL 2306527, at *7 (N.D. Tex. May 26, 2017).

## Recommendation

It is therefore **RECOMMENDED** that the Court **GRANT** Defendant Lowe's Home Centers, LLC's motion for summary judgment (Dkt. 24) and enter a take-nothing judgment on Plaintiff's claim.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on June 3, 2022, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge